IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EARL GOOLSBY,

    Plaintiffs,

    v.                                 CASE NO. 17-3120-SAC

NICOLE ENGLISH, et al.,

    Defendants.

**O R D E R**

Plaintiff James Earl Goolsby, is a prisoner housed at USP Leavenworth in Leavenworth, Kansas. Plaintiff filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. On July 27, 2017, the Court entered an Order (Doc. 5), finding that Plaintiff cannot challenge the denial of medical treatment in a habeas corpus action. The Court held that Plaintiff must proceed, if at all, in a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 5, at 2.) The Order granted Plaintiff until August 25, 2017, to advise the Court whether he intends to proceed under *Bivens*, advising Plaintiff that based on his pending motion to proceed in forma pauperis, he would owe an initial partial filing fee of $54.00. *Id.* Plaintiff filed a *Bivens* Complaint on August 29, 2017. (Doc. 6.)

On August 29, 2017, the Court entered an order (Doc. 7) granting Plaintiff's motion to proceed *in forma pauperis*, and assessed an initial partial filing fee of $54.00. The Order provided that failure to pay the partial fee within fourteen days from receipt of the order "may result in the dismissal of this matter without further notice." The Order also provided that any objection to the Order must be filed on or before the date payment is due. To date, Plaintiff has not submitted the partial fee or filed an objection to the fee order.

1

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time for Plaintiff to pay the partial fee has passed without any response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated on this 4th day of October, 2017, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**